(Nos. 1951 and 1952, consolidated—

JAMES LAHEY, JR., No. 1951, P. J. O'REILLEY, No. 1952, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 14, 1935.*

Claimants, pro se.

OTTO KERNER, Attorney General, JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The declarations do not contain the names of counsel in either of the above cases.

Both claims arise from the same state of facts and on motion of the Attorney General were consolidated.

These claims were filed on July 18, 1932 and allege that on April 17, 1932, the plaintiff in No. 1951, James Lahey, Jr., was rightfully in possession of a 1930 Model A Ford Coupe automobile which was being driven by him in a southerly direction on Illinois State Highway Number 111, Macoupin County; that the State owned and by its duly authorized agent operated and propelled a certain automobile truck in a south-

erly direction on the same highway, without lights thereon, and carelessly and negligently stopped the truck directly in front of the automobile being driven by Lahey, without warning and the claimant was unable to avoid striking the respondent's truck because of cars coming along on Route 111 in the opposite direction, and by reason of the negligence of the respondent, the claimant was injured and was caused to expend $119.43 for hospital services, drugs, etc., and $72.00 for medical services, and was forced to remain idle and away from his work for a period of two months, and claims a total damage of $311.43.

In No. 1952, P. J. O'Reilley charges that on the 17th day of April, 1932 in the evening after dark, one James Lahey, Jr., was rightfully in possession of this Ford Coupe, and that he, P. J. O'Reilley was the owner thereof. Similar facts are alleged as to the cause of the accident, and it is alleged that the accident caused the automobile to become afire and burn. The insurance company settled for and paid the claimant the sum of Two Hundred Dollars ($200.00) to cover the damage to the automobile by fire, but there was a further damage of Eighty-five Dollars ($85.00) caused by the collision.

The Attorney General has filed a motion to dismiss both of these cases on the ground that it is sought to recover for injuries and damages caused by a collision of the automobile owned by claimant in No. 1951 with a truck owned by the State, it being alleged the collision was caused by the carelessness and negligence of an agent of the State.

The declaration is drawn on the theory that the State is liable for injuries caused by the negligent conduct of its employees, although there is no direct averment in the declaration that the driver of the truck in question was an employee of the State. It is alleged that the driver of the truck was the duly authorized agent of the State, but the name of the driver of the truck is not averred. In both declarations there are other averments which constitute conclusions of law. Neither is it shown why the claimant, O'Reilley, did not collect full damages from the insurance company, nor what the damage to the truck was in addition to the fire.

We therefore sustain the motion to dismiss, in each case.